**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **Horace Savoy, AND WIFE,** | § | |
| **Tiffany Savoy** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **Minstar Transport, Inc.,** | § | |
| **RICHARD MCGOWLAN,** | § | |
| **KUBOTA TRACTOR** | § | |
| **CORPORATION AND MARUBENI** | § | |
| **TRANSPORT SERVICES CORP.** | § | **JURY TRIAL REQUESTED** |

**NOTICE OF REMOVAL BY DEFENDANTS**
**MINSTAR TRANSPORT, INC. and RICHARD MCGOWLAN**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, Minstar Transport, Inc. and Richard McGowlan file this Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446, showing the following basis for removal.

### INTRODUCTION

1.     Plaintiffs, Horace Savoy and Tiffany Savoy, filed Plaintiffs' Original Petition against Defendants on February 23, 2017, under Cause No. B-199637, pending in the 60th Judicial District Court, Jefferson County, Texas.  Citations upon the Defendants were issued on February 24, 2017.

2.     Defendant, Minstar Transport, Inc., was served with Citation via certified mail on March 2, 2017.

3.     Defendant, Richard McGowlan, was served with Citation on March 17, 2017.

4.     Defendants, Minstar Transport, Inc. and Richard McGowlan, are unaware of proof of service upon Defendants Kubota Tractor Corporation and Marubeni Transport Service Corp. at the time of this removal.

5.     This original Notice of Removal is filed within thirty days of service upon defendant Minstar Transport, Inc. and Richard McGowlan, the statutory period for removal as required under 28 U.S.C. §1446(b).

JURISDICTION

6.     This court has removal jurisdiction over this lawsuit pursuant to 28 U.S.C. §§1441 and 1446, and based upon diversity of citizenship under 28 U.S.C. §1332.  Plaintiffs, Horace Savoy and wife, Tiffany Savoy, are domiciled in Texas and citizens of that state. Defendant Minstar Transport, Inc. ("Minstar") is incorporated in the State of Minnesota with its principal place of business in Minnesota and is therefore a citizen of that state. Defendant Richard McGowlan, is domiciled in Arkansas and a citizen of that state.  Thus, there is diversity of citizenship between Plaintiff and those defendants.

7.     There is not diversity of citizenship between plaintiff and Kubota Tractor Corporation ("Kubota"), which is a citizen of the state of Texas because its principal place of business is in Grapevine, Texas. However, Kubota has been improperly joined because, as explained below, there is no possibility that plaintiff can establish a cause of action against Kubota on the undisputed facts of the accident. As such Kubota's citizenship may be disregarded for jurisdictional purposes.

8.     There is not diversity of citizenship between plaintiff and Marubeni Transport Service Corp. ("Marubeni"), which is a citizen of the state of Texas because its principal place of business in in Lewisville, Texas. However, Marubeni has been improperly joined because, as explained below, there is no possibility that plaintiff can establish a cause of action against

2

Marubeni on the undisputed facts of the accident. As such Marubeni's citizenship may be disregarded for jurisdictional purposes.

### IMPROPER JOINDER OF DEFENDANT KUBOTA TRACTOR CORPORATION

9.     Kubota Tractor Corporation ("Kubota") is sued on the premise that it (a) evaluated and chose to use Minstar's allegedly unsafe "double deck system" for loading ATVs (¶3.04); and (b) "loaded the ATV in such a manner that required whomever was to unload it to operate it unsafely." (¶3.05). Each allegation is a variation of the other, and each is demonstrably wrong. First, how ATVs could be loaded onto Minstar's vehicle was dictated by the trailer itself and the method of securing the ATV that was feasible for and provided with the vehicle. That was in turn dictated by Minstar, which operated the vehicle in its business as a motor carrier.

10.     Likewise, Kubota did not unsafely load the ATV onto Minstar's vehicle. There was only one intended way to load (subject to spacing for size), dictated by the configuration of the vehicle. The loading operation consisted of placing ATVs on the vehicle in the way they meant to be placed. Further and more important, any possible causal effect of loading and securing the ATV had ended prior to the accident. The accident occurred at a time when the ATV had been unstrapped, turned on, and was being operated. At that point, how the ATV had been loaded and secured no longer had any possible role in the accident. Once the ATV reached the truck's destination, all acts in the unloading process (getting on the ATV, turning it on, driving it off the truck) were performed by a Minstar agent and were unaffected by anything that did or could have done in the loading process.

11.     Here, the alleged act of negligence in issue is a Minstar agent having accidentally gotten a foot stuck next to the throttle of an ATV when driving it off the trailer, resulting in inadvertently accelerating the ATV as it was coming off the 2nd level loading deck. Nothing that

Kubota did or could have done had anything to do with the 2-deck cargo loading system that Minstar used or its agent's operation of the ATV during unloading.

12.     If the method of transportation or loading of the ATV were unsafe in a way attributable to Kubota, then Minstar would not say Kubota is improperly joined. Instead, it would readily take economic advantage of Kubota's joinder and possible liability. But there is no such possibility; Kubota is just a jurisdiction defendant, joined to keep this lawsuit in state court.

### IMPROPER JOINDER OF DEFENDANT MARUBENI TRANSPORT SERVICE CORP.

13.     The basis for joinder of Marubeni Transport Services Corp. is even farther from having a factual and legal basis.  It acted as logistics contractor, arranging the shipment of ATVs from Kubota to distributors. Plaintiffs claim Marubeni was negligent in having "selected the subject method of shipment for the subject merchandise which was unsafe and dangerous for the reasons specified herein." Marubeni did not select the double-deck method of shipment; Minstar did. Marubeni had no role in evaluating how Minstar, the motor carrier, did its work. Marubeni had neither the means nor the duty, as logistics coordinator, "to ensure the load would be unloaded in a safe manner." (¶3.06). Again, if it were otherwise, Minstar would happily accept whatever economic benefit might accrue to it from Marubeni's joinder. But since Marubeni had zero duty or fault in connection with this accident, the only benefit of its joinder is to plaintiffs, as a tactic meant to prevent removal based upon diversity of citizenship.

### PROOF OF IMPROPER JOINDER

14.     The facts just stated, which negate any possibility of a cause of action against a non-diverse defendant, can properly be considered in the analysis of jurisdiction upon removal. *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 542 (5th Cir. 2004). Moreover, the truth of the facts stated in this Notice is supported by their status as admissions against the financial interest

of the removing defendants, who would benefit if it were possible for plaintiff to establish liability of the non-diverse defendants. *Chesapeake & Ohio Ry. Co. v. Cockrell,* 232 U.S. 146, 34 S.Ct. 278 (1914) explains that joinder of a non-diverse defendant,

> even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion.

*See also Smallwood v. Illinois Central RR Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (standard for improper joinder is there being "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant").

15.     Defendants have stated the facts precluding any possibility of relief against Kubota and Marubeni, and can prove them by affidavit in response to any motion to remand. The Notice of Removal is not the document in which to supply proof, or even particularity in describing it. *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 147, 153 (2014); *Priester v. Long Beach Mortgage Co.*, 2017 WL 510350 at pp. 5-6 (E.D.Tex. 2017) (unpublished). Proof will be unnecessary if the facts stated in this Notice of Removal are accepted by plaintiff. Defendants do not lightly admit they are the only parties against whom a cause of action lies for the accident.

## DAMAGES AND JURISDICTIONAL MINIMUM

16.     The amount in controversy exceeds $75,000, excluding interest and costs consistent with 28 U.S.C. §§1332(a). Plaintiffs Horace Savoy and Tiffany Savoy allege the following elements of damages: past and future medical care and treatment; past lost earnings and future loss of earning capacity; physical pain and suffering; mental anguish; physical impairment; physical disfigurement; past and future loss of love, society, affection and consortium; and loss of household services.  Plaintiffs allege that as a result of the accident in

issue, Horace Savoy broke both arms or wrists, broke an ankle, injured his spine and spinal discs and shoulder, and suffered a cut to his face requiring more than 40 stitches. Plaintiffs regard his injuries as serious enough to justify Tiffany Savoy, his wife, in suing for loss of society and consortium. It is therefore apparent that plaintiffs seek damages in excess of this court's jurisdictional threshold of $75,000.00, excluding interest and costs. *Gebbia v Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

17.    All pleadings, process, orders, and other filings in the state court action in the possession of Defendants are attached to this notice as required by 28 U.S.C. §1446(a).

18.    Venue is proper in this district under 28 U.S.C. 1391(b)(2) because the sole basis for Plaintiffs' suit and claim for damages arose from a motor vehicle accident which happened on College Street in Beaumont, Jefferson County, Texas

19.    Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

### JURY DEMAND

20.    Defendants Minstar Transport, Inc. and Richard McGowlan hereby makes a demand for a jury trial.

### CONCLUSION

For these reasons, Defendants, Minstar Transport, Inc. and Richard McGowlan, therefore give notice of its removal of this lawsuit to this Court, and an automatic stay of further proceedings in state district court.

Respectfully submitted,

**RAMEY, CHANDLER, QUINN & ZITO, P.C.**

/s/ Robert L. Ramey
Robert L. Ramey
State Bar No.  16498200
Lee D. Thibodeaux
State Bar No. 19834200
750 Bering, Suite 600
Houston, Texas 77057
Telephone:  (713) 266-0074
Facsimile:   (713) 266-1064
rlr@ramey-chandler.com
lthibodeaux@ramey-chandler.com
**ATTORNEY FOR DEFENDANTS,
MINSTAR TRANSPORT, INC.
AND RICHARD MCGOWLAN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to all opposing counsel via facsimile and/or email on the 31st day of March, 2017.

Gilbert T. Adams, III
GILBERT ADAMS LAW OFFICES
P.O. Drawer 3688
Beaumont, Texas  77704
Attorney for Plaintiffs

W.T. Womble
8 Eaton Square
Houston, Texas 77027
Attorney for Kubota

/s/ Robert L. Ramey
Robert L. Ramey