IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **HORACE SAVOY, AND WIFE,** § | |
| **TIFFANY SAVOY** § | |
| § | |
| VS. § | **CIVIL ACTION 1:17-CV-00126-RC** |
| § | |
| **MINSTAR TRANSPORT, INC.,** § | |
| **RICHARD MCGOWLAN,** § | |
| **KUBOTA TRACTOR** § | |
| **CORPORATION AND MARUBENI** § | |
| **TRANSPORT SERVICE CORP.** § | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, **HORACE SAVOY, AND WIFE, TIFFANY SAVOY**, hereinafter referred to as Plaintiffs and make and file this their Motion for Leave to File First Amended Complaint and would show unto the Court as follows:

### I.
### BRIEF STATEMENT OF ACCIDENT

Plaintiff, **HORACE SAVOY**, (hereafter sometimes referred to as "**SAVOY**")was injured while working at the business premises of his employer, Beaumont Tractor Company, which is an authorized distributor of Kubota products, including the subject RTV, which is a 4-wheeled Utility Vehicle designed, marketed and/or distributed by Defendant, **KUBOTA TRACTOR CORPORATION**, (hereafter "**KUBOTA**") or its related entities.   Specifically, **SAVOY** was injured when he was struck by a Kubota RTV as it was being off-loaded or driven off the 2nd or top load level within a trailer/van owned by Defendant, **MINSTAR TRANSPORT, INC**., (hereafter "**MINSTAR**") running over **SAVOY** and causing him to fall to the ground causing severe and permanent injuries, including broken bones in both wrists and his ankle and injuries to his head, face, neck, low back. At the time **SAVOY** was struck by the RTV, it was being driven by Defendant, **RICHARD MCGOWLAN**, employee of and truck driver for **MINSTAR** who had

been hired by a logistics coordinator, Defendant, **MARUBENI TRANSPORT SERVICE CORP**., (heafter "**MARUBENI**") to transport and deliver various Kubota equipment, parts and merchandise to Kubota's various distributors.

## II.
## PROCEDURAL HISTORY - MULTPLE STATE COURT ACTIONS

This action removed to U.S. District Court was filed in Jefferson County, Texas state court and styled *Cause No. B-199,637; Horace Savoy, et ux vs. Minstar Transport, Inc., et al*. Prior to filing the instant removed suit, Plaintiff, **SAVOY**, filed a Rule 202 Petition to Investigate Potential Claim against Defendants, **MINSTAR** and **MCGOWLAN** was was styled Cause *No. E-199,174: In the Name of Horace Savoy, Petitioner* and identified **MINSTAR** and **MCGOWLAN** as Respondents; however, Defendants, **MINSTAR** and **MCGOWLAN**, refused to engage in the Rule 202 pre-suit discovery process incorrectly alleging the Texas District Court did not have personal jurisdiction despite that said Defendants voluntarily agreed to transport the subject RTV to Beaumont, Texas. **MINSTAR** and **MCGOWLAN** further alleged that the State Court's Order Granting Pre-Suit Discovery was "void."

Even prior to the filing of the Rule 202 Pre-Suit Discovery Action, Plaintiffs' counsel wrote to Defendant, **MINSTAR**, requesting cooperation in the provision of relevant documents; however, **MINSTAR** provided none of the requested information in response to the letter. See *Exhibit A*, Plaintiff Counsel's email to the **MINSTAR'S** agent and adjuster, Daniel French.

Consequently, Plaintiffs have not had the opportunity to conduct any discovery from any of the Defendants, with the exception of learning of the identity of Defendant, **MARUBENI**, incident to the TRCP Rule 202 Pre-Suit action and obviously that the RTV was designed, manufactured and distributed by a Kubota entity which is apparent from the markings on the RTV.

## III.
## ADMISSION IN NOTICE OF REMOVAL ESTABLISHES DESIGN DEFECT AND/OR MARKETING DEFECT CAUSED OR CONTRIBUTED TO CAUSE THE KUBOTA RTV TO RUN INTO AND OVER PLAINTIFF - AMENDMENT NECESSARY

Plaintiffs' suit against **KUBOTA** is presently one plead only for negligence and gross negligence relating to the shipping and transportion of the Kubota RTV.  After refusing to provide information in response to Plaintiff's counsel's pre-suit letter and again, prior to Plaintiffs' TRCP Rule 202 Petition for Pre-Suit Discovery, Defendants, **MINSTAR** and **MCGOWLAN** finally disclosed in their Notice of Removal what occurred to cause **MCGOWLAN** to run into and over Plaintiff, **SAVOY**, knocking him to the ground causing his injuries.  Specifically, **MINSTAR** and **MCGOWLAN** plead that **MCGOWLAN** "*having accidently gotten a foot stuck next to the throttle of an ATV when driving it off the trailer, resulting in inadvertently accelerating*" the RTV.  See Paragraph 11, Defendants' Notice of Removal by Defendants, **MINSTAR** and **MCGOWLAN**.  Prior to filing the instant suit and indeed Defendants' Notice of Removal, Plaintiffs had no knowledge of Defendants' contention regarding the cause his loss of control over the RTV striking Plaintiff since said Defendants would not respond to Plaintiffs' pre-suit letter request or the TRCP 202 Petition for Pre-Suit Discovery.

The attached First Amended Complaint filed herewith asserts that the Kubota RTV was defectively designed and mis-marketed and asserts §402A of the Restatement (Second) of Products Liability strict liability causes of action for defective design and defective marketing against the manufacturer of the Kubota RTV as referenced therein. Texas law imposes a duty upon the manufacturer of the Kubota RTV to design an RTV, including the accelerator pedal within the operators cab, in a manner reasonably free of foreseeable defects, including the design defect of foot ensnaring or entrapment which could cause a loss of control by unintended acceleration, as alleged in Plaintiffs' First Amended Complaint.  The foot entrapment of **MCGOWLAN** was apparently material into his loss of control over the Kubota RTV because after striking and running over **SAVOY**, **MCGOWLAN's** unintended acceleration continued on causing additional property

damage, including his striking of not one, but two trailers as well as the first Kubota RTV that had been previously off-loaded.

The manufactuer also owed a duty not only to warn of the potential for unintended acceleration from foot entrapment, but also to instruct how to avoid foot entrapment in the first instance, and failing that, how to discontinue or stop the unintended acceleration if the foot did become entrapped. Numerous safer alternative designs existed, including designing the operator's cab in a manner which did not physically allow foot entrapment, and if so, allowed for an emergency kill switch in the event of unintended acceleration, which had not been incorporated into the design of this Kubota RTV.

Had Plaintiffs been aware that Defendants, **MINSTAR** and **MCGOWLAN** were blaming the cause of his unintended acceleration and loss of control because his foot became "stuck" in, near or about the accelerator pedal causing the unintended acceleration, Plaintiffs' original suit would have alleged products liability casues of action against the manufacturer of the Kubota RTV. Additionally, Plaintiffs assert a voluntary undertaking cause of action against several parties involved in the loading of the Kubota RTV onto the 2nd or top level within the MINSTAR van/trailer.

Plaintiffs pray this Court grant them leave to file their Amended Complaint asserting product liablity causes of action against the manufacturer, designer, marketer and/or distributor of the Kubota RTV that ran over Plaintiff due to the design, marketing and distribution of the RTV which allowed the operator's foot to become "stuck" or entrapped in the accelerator controls causing unintended acceleration and collisions not only into the Plaintiff, but also two trailers and another RTV. Without the amendment, Plaintiffs would be prejudiced by objections opposing discovery into the design and marketing of the accelerator controls of the RTV in this litigation. Further, it would require to bring Plaintiffs deisgn defect and marketing defect claims in another lawsuit.

## IV.
## RECENTLY OBTAINED EVIDENCE ESTABLISHES MULTIPLE KUBOTA ENTITIES PLAYED DIFFERENT ROLES, PLAINTIFFS' REQUEST LEAVE TO AMEND TO ADD RELATED KUBOTA ENTITIES

In addition to additional cuases of action, Plaintiffs seek to amend to name additional Kubota entities associated with the design, manufacture, loading and shipment of the subject Kubota RTV. Since the filing of this suit, Plaintiffs' counsel came into possession of the actual Packing List and Straight Bill of Lading generated in connection with the distribution, shipping and transporation of the subject Kubota RTV. See *Exhibit B* attached to this Motion which is a true and correct copy of the KMA Packing List and Straight Bill of Lading. While these documents establish Defendant, KTC, was involved in the shipping and transportation of the subject RTV which ran over Plaintiff as the "Bill To" party, these documents also establish the identity of other Kubota entities involved. For instance, both the Packing List and the Straight Bill of Lading are written on the letterhead of Defendant, **KUBOTA MANUFACTURING OF AMERICA CORPORATION**. See *Exhibit B*. As well, the Straight Bill of Lading references that Defendanbt, **KUBOTA MANUFACTURING CORP**. was the "shipper" of the Kubota RTV that Plaintiffs alleged was defectively designed and marketed, as well as negligently loaded. Finally, the secretary of state identifies another Kubota entity as Defendant, **KUBOTA NORTH AMERICA CORPORTION**[1]. It is imperative all entities within the Kubota umbrella who participated in the design, manufacturer, assembly, loading and distribution be brought into the same lawsuit. The Packing List and the Straight Bill of Lading establish that additional entities had involvement in manufacturing, shipping and/or paying for the shipment of the subject Kubota RTV. See *Exhibit B*.

---

[1] After Notice of Removal was received, on March 31, 2017, Plaintiffs' counsel wrote to Counsel for **KUBOTA**, the Kubota entity who was originally sued and the "Bill To" party on the attached *Exhibit B* requesting that he identify any Kubota entities who were involved in the manufacture, assembly, loading and/or shipping of the RTV or who owned the subject RTV. To date, counsel for **KUBOTA** has not responded to Plaintiffs' counsel or otherwise correctly identified who are or should be proper parties in this litigation.

Further, the statements by counsel for Kubota attached to the Notice of Removal establish that Defendant, KUBOTA, was "*not the manufacturer of the RTV*" making it necessary to sue the entities identified in Plaintiffs' First Amended Complaint and on the Packing List and Straight Bill of Lading marked as *Exhibit B*, which counsel for the Plaintiff did not have at the time the suit was filed.

Plaintiffs have asserted that the loader of the RTV was negligent and grossly negligent. Defendants, **MINSTAR** and **MCGOWLAN** have stated they did not load the load the RTV. Furthermore, Counsel for **KUBOTA** also wrote in the email attached to the Notice of Removal that "*Maybe another Kubota entity did [load the RTV], but not KTC*." For these reasons, it is necessary to amend the Complaint adding these indispensable parties who are Kubota entities as Defendants, all of whom are related to the orginal **KUBOTA** Defendants, some of whom are identified on the Packing List and Straight Bill of Lading attached as *Exhibit B*.

Additionally, Plaintiffs would show that the Kubota RTV's are now shipped in a crate so that they may be unloaded by a forklift or other mechanical means, instead of being driven off the trailer as was done when **MCGOWLAN's** foot became entrapped in the fuel accelerator pedal. It is more likely than not that one of the other Kubota entities made Defendant in Plaintiffs' First Amended Petetition exercised their control and caused or contributed to cause this change to occur which Plaintiffs' allege should have occurred before the incident made the basis of this litigation.

Plaintffs would be prejudiced by having to bring alternative causes of action against multiple parties in different lawsuits in different jurisdictions.

## V.
## CONCLUSION

Plaintiffs would be prejudiced if not permitted to file the Amended Complaint adding new parties – all related to the original **KUBOTA** Defendant, one or more of which apparently loaded the RTV – and alleging product defect, marketing and undertaking causes of action against the original **KUBOTA** Defendant, as well as entities related to the original **KUBOTA** Defendant.

Plaintiffs and their counsel have acted diligently in attempts to find out who the potential responsible parties are; however, they have received little cooperation in the provision of information related to the occurrence and the identity of parties who caused or contributed to cause the occurrence.

This motion is not made for delay, but so that justice may be done.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Court grant their Motion for Leave to Amend so that the First Amended Complaint attached hereto may be accepted as filed and for such other and further relief, both general and special, at law and in equity as Plaintiffs show themselves justly entitled.

    Respectfully submitted,

    GILBERT ADAMS LAW OFFICE
    1855 Calder Avenue at Third
    P.O. Drawer 3688
    Beaumont, Texas 77704
    Phone (409) 835-3000
    Fax (409) 832-6162

    **GILBERT T. ADAMS, III**
    State Bar No. 00790201
    gilbert@gta-law.com

    **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

  I HEREBY CERTIFY that I have conferred with opposing counsel in effort to determine whether they are unopposed or opposed to the filing of this Motion; however, as of the filing of this Motion the undersigned has not heard from any of opposing counsel in this regard.

_____
GILBERT T. ADAMS III


## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure on this the 6th day of April, 2017.

_____
GILBERT T. ADAMS III