\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| HORACE SAVOY, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION No. 1:17-cv-126 |
| v. | § | |
| | § | JUDGE RON CLARK |
| MINSTAR TRANSPORT, INC., et al., | § | |
| | § | VSL |
| *Defendants.* | § | |
| | § | |

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

On March 31, 2017, Defendants filed a Notice of Removal on the basis of diversity jurisdiction, contending that the only non-diverse Defendants were improperly joined. (Dkt. # 1). Plaintiffs have filed a Motion to Remand, arguing that the non-diverse Defendants were properly joined. (Dkt. # 16). Because Defendants have not met their heavy burden of establishing that Plaintiffs have no possibility of prevailing on their state law claims against the non-diverse Defendants, the court grants Plaintiffs' Motion to Remand (Dkt. # 16).

### FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2017, Plaintiffs Horace and Tiffany[1] Savoy filed their Original Petition in the 60th Judicial District Court for Jefferson County, Texas, alleging that Mr. Savoy suffered serious injuries due to the negligence and gross negligence of Defendants Minstar Transport, Inc.,

---

[1] Tiffany is the wife of Mr. Savoy, the injured party.

its employee Richard McGowlan,[2] Kubota Tractor Corporation ("KTC"), and Marubeni Transport Service Corp. At the time, Mr. Savoy was working for his employer Beaumont Tractor Company.[3] Specifically, Plaintiffs allege that on September 19, 2016, Minstar and Mr. McGowlan had transported a Kubota ATV[4] from Georgia to Beaumont, Texas, by carrying the ATV on the second deck of a double-decker transporter custom designed by Minstar. Mr. McGowlan, while driving the ATV out of the van, lost control of the ATV, causing it to shoot out a high rate of speed, striking Mr. Savoy. Plaintiffs further assert that Marubeni and KTC evaluated the safety of the double-deck system and proceeded to use it anyway, that KTC negligently loaded the ATV, and that Marubeni was negligent in selecting the method of the shipment for the ATV. (Dkt. # 7-1). In sum, Plaintiffs brought negligence and gross negligence claims against Defendants Minstar, Mr. McGowlan, KTC, and Marubeni in their Original Petition.

**1.     Defendants' Notice of Removal**

On March 31, 2017, Minstar and Mr. McGowlan filed a Notice of Removal, arguing that the court had diversity jurisdiction over Plaintiffs' claims against Minstar and Mr. McGowlan. KTC consented to removal. (Dkt. # 2). There is no record of Marubeni consenting to removal, but there is also no record of Marubeni being served yet. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261–63 (5th Cir. 1988) (stating that unserved defendants need not consent to removal for removal to be effective). Plaintiffs are citizens of Texas, Mr. McGowlan is a citizen

---

[2] Some parties refer to Mr. McGowlan as "Mr. McGowan." This Defendant is referred to "Mr. McGowlan" in the case caption on Pacer, so the court refers to him as "Mr. McGowlan" throughout this Order.

[3] Beaumont Tractor Company is not a party to this suit.

[4] It is unclear from the pleadings in this case whether the parties were shipping RTVs or ATVS as Plaintiffs use "ATV" and "RTV" interchangeably in their pleadings. The court assumes, for purposes of this Order, that Plaintiffs refer to an ATV.

of Arkansas, and Minstar is incorporated in the state of Minnesota with its principal place of business in Minnesota and is therefore a citizen of Minnesota. Both KTC and Marubeni are citizens of Texas. Defendants argued that KTC and Marubeni had been improperly joined because there is no possibility that Plaintiffs could establish a cause of action against either KTC or Marubeni. (Dkt. # 1).

**2.     Plaintiffs' Motion for Remand**

On April 28, 2017, Plaintiffs filed a Motion to Remand, arguing that they have asserted valid state law claims against Marubeni and KTC. (Dkt. # 16). Plaintiffs contend that they have therefore properly joined Marubeni and KTC and the case must be remanded.

## DISCUSSION

Removal to federal court is proper when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has subject matter jurisdiction over disputes between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Citizenship of the parties and the amount in controversy is based on the facts as they existed at the time of removal. *La. v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). In determining whether removal was proper, the court considers only the allegations in the state court petition; any amended complaints filed after removal are not considered. *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A court only has diversity jurisdiction when the parties are completely diverse, that is, when no plaintiff is a citizen of the state as any defendant. 28 U.S.C. § 1332. Here, Plaintiffs are citizens of Texas. Minstar is a citizen of Minnesota, Mr. McGowlan is a citizen of Arkansas, and Marubeni and KTC are citizens of Texas. Thus, Plaintiffs are diverse from Minstar and Mr. McGowlan, but Plaintiffs are not diverse from Marubeni or KTC. The amount in controversy exceeds $75,000.00. (Dkt. # 7-1, at p. 2, ¶ 2.01). If KTC and Marubeni are struck from the suit, complete diversity exists and removal was proper. The court must therefore determine if KTC and Marubeni were improperly joined.

"[T]here are two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 664, 646–47 (5th Cir. 2003)). There is no allegation that Plaintiffs fraudulently pleaded jurisdictional facts, so the court need only determine whether Plaintiffs are unable to prevail on their state law claims against KTC or Marubeni.

"A court may resolve the improper joinder issue in one of two ways. The court may either conduct a Rule 12(b)(6)-type analysis . . . or, in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). "The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Pursuant to *Cavallini*, the court considers only Plaintiffs' state court petition (Dkt. # 7-1) on this Motion to Remand because Plaintiffs' First Amended Complaint (Dkt. # 5) was not on file before removal. *See Cavallini*, 44 F.3d at 264.

Therefore, to prevent remand, Defendants must meet their heavy burden of showing Plaintiffs have no reasonable basis for their negligence or gross negligence claims against Marubeni or KTC.

The factual allegations related to Plaintiffs' negligence and gross negligence claims against Marubeni or KTC include, in relevant part:

> 3.04   Defendants, [sic] Kubota Tractor Corporation and Marubeni Transport Service Corp., [sic] were hooked by the marketing schemes of Defendant, [sic] Minstar Transport, Inc., in effort to "save money" or enjoy higher profits regardless of the harm and damages caused to others thereby.  Upon information and belief, said Defendants evaluated the safety of the " [sic] Double-Deck System, but nevertheless proceeded with its use; alternatively, said Defendants should have evaluated the safety of the System and rejected its use or required it only with certain products, but not products with wheels.
>
> 3.05   Defendant, [sic] Kubota Tractor Corporation, [sic] loaded the ATV and did so negligently as referenced hereinabove.  Said Defendant loaded the ATV in such a manner that required whomever was to unload it to operate it unsafely.  It's [sic] loading, [sic] dictated how it would be unloaded [sic] and it failed to adequately protect those who Defendants knew would be nearby, including your plaintiff.  Further, the Double-Deck System confired [sic] in the van failed to include all intended and necessary devices to safely operate the same and Defendant, [sic] Kubota tractor Corporation, [sic] should have ensured all necessary equipment was present for the transport so that its product could be safely unloaded.
>
> 3.06   Defendant, [sic] Marubeni Transport Service Corp., [sic] was engaged for the purposes of providing logistics and ensuring the right shipper was selected for the appropriate load.  Defendant, [sic] Marubeni Transport Service Corp, [sic] was negligent in selected [sic] the subject method of shipment for the subject merchandise which was unsafe and dangerous for the reasons specified herein.  Said Defendant failed to ensure the load would be unloaded in a safe manner, which did not cause injury to others, including Plaintiff.

(Dkt. # 7-1, at pp. 4–5).

Under Texas law, a negligence claim consists of four elements: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) an actual injury to the plaintiff; and (4) a showing that the breach was the proximate cause of the injury.  *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 663 (Tex. 1999) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306 311 (Tex. 1987)).

Defendants argue that KTC and Marubeni did not owe a duty to Mr. Savoy because the Federal Motor Carrier Safety Act, specifically the regulations in sections 392.9 and 393.100, place the responsibility for load securement on the motor carrier (Minstar) and driver (Mr. McGowlan).[5] (Dkt. # 28, at pp. 4–7).

Defendants do not offer any authority for the proposition that KTC and Marubeni cannot be held liable for state law claims of negligence or gross negligence simply because the Federal Motor Carrier Safety Act places certain safe load duties on the motor carrier and driver or simply because Department of Transportation ("DOT") cannot enforce those same duties on KTC and Marubeni. The court can find no such authority. Rather, case law within the Fifth Circuit indicates that while the Federal Motor Carrier Safety regulations may be used to bolster a negligence claim, the regulations are not the only way by which a plaintiff may establish a negligence claim related to the trucking or shipping industry. *See, e.g.*, *Lipscomb v. Zurich Am. Ins.*, No. 11-2555, 2012 WL 1902595, at *3 (E.D. La. May 25, 2012) ("Here, a jury could find negligence on the part of Defendants without finding a violation of the federal statutes or regulations.").

Further, a duty can be imposed by law or assumed by contract. *USA Walnut Creek, DST v. Terracon Consultants, Inc.*, No. 13-13-00194-CV, 2015 WL 832273, at *5 (Tex. App.—Edinburg Feb. 26, 2015, no pet.). In this case, KTC entered into a contract with Marubeni for Marubeni to transport KTC's ATVs by double-deck trailers. (Dkt. # 16-2, at p. 1). Arguably, by entering the contract, KTC and Marubeni owed a duty to Mr. Savoy. Defendants do not address this issue in their Response to Plaintiffs' Motion to Remand. Because all doubts must construed in favor of remand, Defendants have not met their heavy burden of showing that Plaintiffs have

---

[5] Sections 392.9 and 393.100 impose certain duties on truck drivers to inspect their cargo and cargo securement devices and systems. 49 C.F.R. § 392.9.

no reasonable basis for their negligence or gross negligence claims against Marubeni or KTC. Therefore, Defendants have not established that Marubeni and KTC were improperly joined.

Because Defendants appear to have had objectively reasonable grounds to remove this case, the court declines to award attorney's fees to Plaintiffs. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th Cir. 2000).

## CONCLUSION

IT IS ORDERED THAT Plaintiffs' Motion to Remand (Dkt. # 16) is GRANTED.

The Clerk is directed to REMAND this case to the 60th Judicial District Court for Jefferson County, Texas, and CLOSE this case.

The Case Management Conference set for Tuesday, May 23, 2017, is CANCELLED.

**So ORDERED and SIGNED this 19th day of May, 2017.**

_____
Ron Clark, United States District Judge